IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SUSAN COWAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>APELLES, LLC,<br><br>　　　　Defendant. | CIVIL ACTION NO. _____<br><br>[formerly in the 40th Judicial District Court, State of Michigan, Case No. 14-1473-GC |

| | |
|---|---|
| Gary D. Nitzkin<br>Attorney for Plaintiff<br>Michigan Consumer Credit Lawyers<br>22142 West Nine Mile Road<br>Southfield, MI 48033 | Maria Fracassa Dwyer (P60946)<br>Brian D. Shekell (P75327)<br>Attorneys for Defendant<br>Clark Hill, PLC<br>500 Woodward Ave., Suite 3500<br>Detroit, MI 48226 |

TO:　Court Clerk,　　　　　　　　　　　　　Gary D. Nitzkin
　　　United States District Court,　　　　　Counsel for Plaintiff
　　　Eastern District of Michigan

## NOTICE OF REMOVAL

Defendant Apelles, LLC ("Apelles"), through its counsel of record, Clark Hill, PLC hereby removes this action pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446 from the 40th Judicial District Court in the State of Michigan to the United States District Court for the Eastern District of Michigan. The grounds for removal are as follows:

1.　Plaintiff Susan Cowan ("Plaintiff") filed this action in the 40th Judicial District Court in the State of Michigan on September 15, 2014. Exhibit A hereto, Summons and Complaint.

2.　Apelles received a copy of the complaint on October 3, 2014.

1

3. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of the initial pleading setting forth the claims for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b).

4. Apelles files this Notice of Removal within thirty days after receipt of the complaint and, thus, removal is timely.

5. Plaintiff alleges that Apelles violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), and the Michigan Occupational Code, M.C.L. § 339.901 *et seq.* ("MOC"). *See* Exhibit A, hereto ¶1.

6. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. The FDCPA was created by, and arises under, federal law. Accordingly, this District Court has jurisdiction over Plaintiff's FDCPA claim.

8. Further, 28 U.S.C. § 1367(a) provides, in part, that "the district courts shall have supplemental jurisdiction over all other claims that are so related to such claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's MCPA and MOC claims are so related to the FDCPA claim that they form part of the same case and, accordingly, this Court has supplemental jurisdiction over Plaintiff's MCPA claim, MOC claim, and any other state claim.

9. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the U.S. District Court for the Eastern District of Michigan is the federal judicial district embracing the 40th Judicial District Court, Michigan, where the State Court Action was originally filed.

11. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Apelles are attached hereto as Exhibit A.

12. This case is not precluded from being removed under 28 U.S.C. § 1445 because: (a) it is not brought against a railroad or its receivers or trustees, arising under 45 U.S.C. § 51-54, 55-60; (b) it is not brought against a carrier or its receivers or trustees to recover damages for delay, loss or injury of shipments arising under section 11706 or 14706 of title 49; (c) it does not arise under the workmen's compensation laws; and (d) it does not arise under Section 40302 of the Violence Against Women Act of 1994.

13. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the 40th Judicial District Court, Michigan, and served upon Plaintiff's counsel. A copy of the notice to be filed with the 40th Judicial District Court, Michigan, is attached hereto as Exhibit B.

WHEREFORE, Defendant Apelles, LLC respectfully requests that the above-captioned action now pending in the 40th Judicial District Court, Michigan, be removed to the United States

201545744.1 09999/09999-006631

District Court for the Eastern District of Michigan and that this District Court enter such other an further orders as may be necessary to accomplish the requested removal

Dated: October 31, 2014

Respectfully submitted,

/s/Maria Fracassa Dwyer
Maria Fracassa Dwyer (P60946)
Brian D. Shekell (P75327)
Clark Hill PLC
500 Woodward Avenue
Suite 3500
Detroit, MI 48226
Phone: (248) 988-5899
Fax: (248) 988-2339
mdwyer@clarkhill.com

*Counsel for Defendant Apelles, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been filed with the USDC, Eastern District of Michigan, and served upon the following counsel of record via U.S. First Class mail, postage prepaid, this 31st day of October, 2014:

Gary D. Nitzkin
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033

/s/Maria Fracassa Dwyer
Maria Fracassa Dwyer

4

# EXHIBIT A

Approved, SCAO

9/29

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

11/6

| STATE OF MICHIGAN<br>40th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>14-1473-GC |
|---|---|---|

Court address
27701 Jefferson Ave., St. Clair Shores, MI 48081

Court telephone no.
(586) 445-5280

Plaintiff name(s), address(es), and telephone no(s).
Susan Cowan
511 Villa Lane
St. Clair Shores, MI 48080

v

Defendant name(s), address(es), and telephone no(s).
Apelles, L.L.C.
RA: Michael Fitzmartin
3700 Corporate Drive, Ste. 240
Columbus, OH 43231

Run 10/29

2014 SEP 15 P 2:51  40TH DISTRICT COURT

Plaintiff attorney, bar no., address, and telephone no.
MICHIGAN CONSUMER CREDIT LAWYERS
Gary D. Nitzkin (P41155)
22142 W. Nine Mile Rd.
Southfield, MI 48033

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued: 09/16/14
This summons expires: 12/16/14
Court clerk: V. Dehrayeani

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
✓ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

Docket no. | Judge | Bar no.

**General Civil Cases**
✓ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

Docket no. | Judge | Bar no.

**VENUE**
Plaintiff(s) residence (include city, township, or village)
St. Clair Shores, MI

Defendant(s) residence (include city, township, or village)
Columbus, OH

Place where action arose or business conducted
St. Clair Shores, MI

Date: 9-10-14

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/06) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| | PROOF OF SERVICE | SUMMONS AND COMPLAINT Case No. |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

| Service fee | Miles traveled | Mileage fee | Total fee | Signature |
|---|---|---|---|---|
| $ | | $ | $ | |

Title _____

_____ County, Michigan.

Subscribed and sworn to before me on _____, _____
                                         Date

My commission expires: _____ Signature: _____
                         Date                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                         Attachments

on _____
   Day, date, time

on behalf of _____

Signature

STATE OF MICHIGAN
IN THE 40TH DISTRICT COURT

SUSAN COWAN,
    Plaintiff,

-vs.-

                                  **DEMAND FOR JURY TRIAL**

APELLES, L.L.C.,
    Defendant.

## COMPLAINT & JURY DEMAND

Plaintiff, Susan Cowan, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## PARTIES

2. Plaintiff is a natural person residing in St. Clair Shores in Macomb County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

3. The Defendant to this lawsuit is Apelles, L.L.C. which is an Ohio company that maintains registered offices in Columbus, Ohio.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in the City of Saint Clair Shores in Macomb County, Michigan.

5. Venue is proper in the 40th District Court in Macomb County, Michigan as the actions and occurrences recited herein occurred in Saint Clair Shores, Michigan.

6. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer type debt allegedly owed by Ms. Cowan to ADT Security Services in the amount of $867.14. The debt was incurred by Ms. Cowan for personal, family or household use.

8. Ms. Cowan incurred this alleged debt prior to her filing Chapter 7 Bankruptcy on or about September 24, 2012. She received a general discharge of her debts on December 27, 2012.

9. Defendant started calling Ms. Cowan attempting to collect this alleged debt around April 2013.

10. Around this time, Ms. Cowan explained to Defendant's representative, Bob Valentine, that this alleged debt was included in her Chapter 7 Bankruptcy and that it was discharged.

11. Despite the above conversation, Defendant continued to call Ms. Cowan attempting to collect this alleged debt. Most of the time, Ms. Cowan would receive phone calls from Defendant's representative, Amber.

2

12. In one of the conversations that Ms. Cowan had with Amber, Amber told Ms. Cowan that she wanted to set up a payment arrangement. She also told Ms. Cowan that she would only call for so long and then Defendant would take further action.

13. On several occasions when Defendant placed calls to Ms. Cowan's home phone, the caller id would not read Defendant's name. Rather, it read "The Palace" with Defendant's phone number.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Ms. Cowan is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt by attempting to collect a debt that was discharged through Ms. Cowan's Chapter 7 Bankruptcy.

   b. 15 U.S.C. §1692(e)(5) by threatening to take any action that cannot legally be taken. Defendant did this when it threatened Ms. Cowan that it was going to take

further action if she did not pay the alleged debt that was discharged through her Chapter 7 Bankruptcy.

c. 15 U.S.C. §1692(f)(1) by attempting to collect any amount not permitted by law as the debt was discharged through Ms. Cowan's Chapter 7 Bankruptcy.

d. 15 U.S.C. §1692(d)(6) by placing telephone calls without meaningful disclosure of the caller's identity as Ms. Cowan's caller identification system read that the call was coming from "The Palace."

e. 15 U.S.C. §1692e(14) by using any business, company, or organization name other than the true name of the debt collector's business, company or organization.

f. 15 U.S.C. §1692e(10) by using any false representations or deceptive means to collect or attempt to collect any debt. Defendant did this when it misrepresented to Ms. Cowan that it would take further action over a discharged debt and when it called Plaintiff misidentifying itself as "The Palace."

19. Ms. Cowan has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Ms. Cowan is a debtor as that term is defined in M.C.L. § 339.901(f).

4

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. MCL §339.915(a) by communicating with a debtor in a misleading or deceptive manner by placing telephone calls to Ms. Cowan and misidentifying itself as "The Palace."

   b. MCL §339.915(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant did this when it misrepresented to Ms. Cowan that it would take further action if she did not pay a debt that was discharged through her Chapter 7 Bankruptcy.

   c. MCL §339.915(f)(i) by misrepresenting the legal status of a legal action being taken by attempting to collect a debt that was discharged in Ms. Cowan's Chapter 7 Bankruptcy.

   d. MCL §339.915(g) by communicating with a debtor without accurately disclosing the caller's identity when it called Ms. Cowan with the caller identification system picking up the call as coming from "The Palace."

   e. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

24. Ms. Cowan has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

5

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Ms. Cowan is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252(a) by communicating with a debtor in a misleading or deceptive manner by placing telephone calls to Ms. Cowan and misidentifying itself as "The Palace."

   b. MCL §445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant did this when it misrepresented to Ms. Cowan that it would take further action if she did not pay a debt that was discharged in her Chapter 7 Bankruptcy.

   c. MCL §445.252 (f)(i) by misrepresenting the legal status of a legal action being taken by attempting to collect a debt that was discharged in Ms. Cowan's Chapter 7 Bankruptcy.

   d. MCL §445.252(g) by communicating with a debtor without accurately disclosing the caller's identity when it called Ms. Cowan with the caller identification system picking up the call as coming from "The Palace."

   e. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

30. Ms. Cowan has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

6

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

September 9, 2014

GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

40TH DISTRICT COURT 2014 SEP 15 P 2:57

7